**Robert B. GILLAM, Plaintiff—Appellant,**

v.

**Michael A. BARTON, Commissioner, Alaska Department of Transportation and Public Facilities, in his official capacity, Defendant—Appellee.**

No. 05–35232.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 25, 2006.

Decided Aug. 29, 2006.

Geoffrey Y. Parker, Esq., Law Office of Geoffrey Y. Parker, Anchorage, AK, for Plaintiff–Appellant.

Larry A. McKinstry, Esq., Office of the Alaska Attorney General, Juneau, AK, for Defendant–Appellee.

Before: KOZINSKI, BERZON and TALLMAN, Circuit Judges.

### MEMORANDUM *

Plaintiff claims that a highway funding formula violates his rights under Title VI of the Civil Rights Act of 1964 and the Equal Protection Clause. But the environmental injuries he alleges lie outside the zone of interest of either provision. His complaint thus does not fulfill a necessary prudential requirement for standing. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) ("[P]laintiff's complaint [must] fall within 'the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.'" (quoting *Assoc. of Data Processing Serv. Orgs. v. Camp*, 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970))).

To the extent plaintiff is denied equal access to cost-effective road projects, that benefit is denied to all urban Alaska residents. Plaintiff has therefore asserted a generalized grievance that cannot serve as the basis for standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n. 1, 112 S.Ct. 2130, 119 L.Ed.2d 351 ("[T]he injury must affect the plaintiff in a personal and individual way.").

Given that plaintiff has no standing to allege a cause of action under the Equal Protection Clause and Title VI, further amendment of his complaint would be futile. Thus the district court's dismissal with prejudice was proper. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile.").

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

